UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XEROX CORPORATION,

                Plaintiff,

CASE NO. 2:11-CV-12479
JUDGE JULIAN ABELE COOK
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

AUSTIN SYSTEM COMPONENTS, INC.,

                Defendant,
_____/

**ORDER GRANTING AS UNOPPOSED PLAINTIFF'S FEBRUARY 10, 2012 MOTION TO COMPEL (Doc. Ent. 13) and CANCELLING HEARING NOTICED FOR APRIL 9, 2012 (Doc. Ent. 16)**

**A.    Introduction**

Xerox Corporation filed this case on June 8, 2011 against Austin Systems Components, Inc., alleging causes of action based upon (I) breach of contract and (II) claim and delivery. Doc. Ent. 1. Attached to this complaint are copies of a May 20, 2009 agreement (Doc. Ent. 1-2) and a November 30, 2009 agreement (Doc. Ent. 1-3). Doc. Ent. 1-1 (Index of Exhibits).

On August 24, 2011, plaintiff filed a motion for entry of judgment by default. Doc. Ent. 9. On September 23, 2011, Judge Cook Entered an order (Doc. Ent. 11) granting the motion and a default judgment (Doc. Ent. 12) in favor of plaintiff and against defendant.

**B.    The Instant Motion**

Currently before the Court is plaintiff's February 10, 2012 motion to compel the duces tecum creditor's examination of Roy Austin, Resident Agent and President of Austin Systems Components, Inc. Doc. Ent. 13. Attached to the motion are a LARA (Department of Licensing and Regulatory Affairs) Printout of Austin Systems Components (Doc. Ent. 13-2), an October

17, 2011 notice of duces tecum creditor's exam (Doc. Ent. 13-3), a January 9, 2012 notice of duces tecum creditor's exam (Doc. Ent. 13-4), a January 20, 2012 electronic mail (Doc. Ent. 13-5), a January 24, 2012 transcript of creditor's examination (Doc. Ent. 13-6), a January 27, 2012 $85.00 invoice for Court Reporter Fees (Doc. Ent. 13-7), and the February 10, 2012 affidavit of fees and costs in an amount of $1,293.75 by attorney Adam T. Schnatz (Doc. Ent. 13-8). *See* Doc. Ent. 13-1 (Index of Exhibits).

Judge Cook has referred this motion to me for hearing and determination. Doc. Ent. 14. A hearing on the motion was originally noticed for March 19, 2012. Doc. Ent. 15. However, the hearing was renoticed for April 9, 2012. Doc. Ent. 16.

**C.   Discussion**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Therefore, in the absence of an order stating otherwise, any response to plaintiff's February 10, 2012 motion to compel was due on or about February 27, 2012. Fed. R. Civ. P. 6(d). No order of extension has been entered and, to date, no response has been filed.

**D.   Order**

Upon consideration, plaintiff's February 10, 2012 motion to compel the duces tecum creditor's examination of Roy Austin, Resident Agent and President of Austin Systems Components, Inc. (Doc. Ent. 13) is GRANTED AS UNOPPOSED. Accordingly, Roy Austin, as Resident Agent of Austin Systems Components, is compelled to produce the documents

requested by Xerox and to appear for his creditor's examination within fourteen (14) days at The Miller Law Firm, P.C.  Furthermore, Roy Austin is sanctioned in the amount of $1,378.75 for failure to appear at his creditor's examination.  This sanction includes court reporter's and transcript fees incurred by Xerox as well as attorneys' fees.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: March 28, 2012            s/Paul J. Komives
                                 PAUL J. KOMIVES
                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March 28, 2012 electronically or by U.S. mail.


                                 s/Michael Williams
                                 Relief Case Manager for the Honorable
                                 Paul J. Komives

3